```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


OLIVIA POLLARD and              :
BEVERLY POLLARD,                :
                                :
          Plaintiffs,           :    CIVIL ACTION
                                :
v.                              :    NO. 16-3593
                                :
ETHAN BAUER, SETH D. BAUER,     :
and LINDA BAUER,                :
                                :
          Defendants.           :
```

**MEMORANDUM AND ORDER**

JOYNER, J.                                      August 3, 2016

Before this Court are Defendants' Motion to Dismiss the Complaint (Doc. No. 2), Plaintiffs' Response in opposition thereto (Doc. No. 3), and Defendants' Reply in further support thereof (Doc. No. 4). For the reasons set forth in this Memorandum, the Motion to Dismiss is granted. An order follows.

**I. Factual and Procedural Background**

Plaintiffs, Olivia Pollard and Beverly Pollard, allege that on or about January 1, 2016, at approximately 5:10 pm, Olivia Pollard was driving her motor vehicle at or near the intersection of Walnut Street and 15th Street in Philadelphia, Pennsylvania. (Compl. ¶ 6). Beverly Pollard was a passenger in Olivia's vehicle. (Id.) Plaintiffs allege that one of the three Defendants was driving his or her motor vehicle at that same general place and time. (Compl.

¶¶ 7-9). Plaintiffs state that "Defendants' vehicle was involved in a motor vehicle collision with Plaintiffs' vehicle," and that the collision "was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiffs." (Compl. ¶¶ 10-11).

Plaintiffs filed their Complaint on June 2, 2016 in the Philadelphia County Court of Common Pleas. On June 30, 2016, the Defendants removed the action to federal court on the basis of diversity jurisdiction. On July 7, 2016, the Defendants filed the Motion to Dismiss now before this Court.

## II. Standard of Review

The Federal Rules require that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss a complaint under Rule 12(b)(6), a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citations omitted). Rather, the requisite plausibility is achieved only if "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). It is crucial that the plausibility of a plaintiff's claim be based only on his or her specific factual allegations. Id. at 679. Conclusory allegations, which are those that simply evaluate actions or events without providing the factual bases for such evaluations, are not afforded the presumption of truth. Id.

The Third Circuit has formulated a two-step post-Iqbal test for whether a complaint should be dismissed:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).

Under Pennsylvania law, a driver "must be alert and have his car under such control at all times that it can be stopped before

3

doing injury to any person in any situation that is reasonably likely to arise under the circumstances." Hardy v. Clover Leaf Mills, 426 Pa. 206, 210 (1967) (citations omitted). The Pennsylvania Supreme Court has consistently held drivers to higher standards of vigilance when they are driving in reverse. See Potter Title & Trust Co. v. Young, 367 Pa. 239, 245–46 (1951); Hronis v. Wissinger, 412 Pa. 434, 436 (1963).

The fact that a driver caused a collision while driving in reverse does not by itself establish his negligence. See Mutter v. Slaymaker, 404 Pa. 369, 373–74 (1961) (reasoning that the negligence of a driver who backed a truck into a person could be established if the person was given inadequate warning); Lacaria v. Hetzel, 373 Pa. 309, 314–15 (1953) (reasoning that a jury could find a driver who backed into a person negligent if it found that he did so without warning, guidance, or full view of where he was going). Furthermore, "[t]he mere happening of an accident or the mere fact that a moving vehicle collides with another vehicle does not establish negligence nor raise an inference or a presumption of negligence nor make out a prima facie case of negligence." Kester v. Rutt, 439 Pa. 546, 549 (1970) (quotation marks omitted) (citing several Pennsylvania Supreme Court cases).

### III. Discussion

Defendants' argue that Plaintiffs did not describe the collision and its surrounding circumstances with enough detail to

4

satisfy the pleading standard set forth by Rule 8(a)(2), as interpreted by Twombly, Iqbal, and Fowler, for a negligent driving claim under Pennsylvania law.[1]

The allegations in the Complaint that purport to show that the Defendant driver negligently caused the collision amount to "a compilation of various poor driving behaviors[2] . . . which [Plaintiffs] allege[] is the cause of the accident." Wolinsky v. A & M Transit Lines, Inc., No. 09-3985, 2009 WL 3617764, at *2 (E.D. Pa. Nov. 2, 2009). The Wolinsky court held that such a set of unspecific, formulaic assertions are legally insufficient to show that a defendant driver was negligent. Id. We agree.

---

[1] Defendants' argument partly relies on the claim that Plaintiffs fail to identify who was operating the vehicles involved in the accident, but instead "make contradictory statements alleging three different individuals were operating the vehicle." Doc. No. 2-1 at 3 of 6. The Federal Rules of Civil Procedure allow a party to "set out 2 or more statements of a claim . . . alternatively or hypothetically." Fed. R. Civ. P. 8(d)(2). "[T]he pleading is sufficient if any one of them is sufficient." Id. Such alternative pleadings are subject to the general requirement that pleadings be plain, concise, and made in good faith after a reasonable investigation. See § 14:194 Limitations on multiple claims or plural statements, 4 Cyc. of Federal Proc. § 14:194 (3d ed.). Defendants have not challenged the Complaint on any of those grounds, and we decline to raise such concerns *sua sponte*. Plaintiffs' alternative pleadings against the three different Defendants are valid pursuant to Rule 8(d)(2). Thus, they are not grounds for dismissal under Rule 12(b)(6).

[2] For instance, the Complaint charges the Defendant driver with "[v]iolation of the assured clear distance rule," but does not aver any specific facts to support that conclusion, such as how fast the Defendant's vehicle was traveling and how much clear distance the Defendant could see. It averred that the Defendant driver drove "too fast for conditions," but indicated neither the Defendant's vehicle's speed nor what the "conditions" were. It averred that the Defendant driver "disregarded traffic lanes, patterns and other devices" without stating how such disregard manifested itself in his or her conduct. These allegations, and the several others like it in the Complaint, are conclusory, and thus they are not entitled to the presumption of truth.

Plaintiffs argue that they satisfied the pleading standard by averring that a vehicle owned and driven by one of the Defendants collided into a vehicle owned and driven by Plaintiff Olivia Pollard, in which Plaintiff Beverly Pollard was a passenger, when the former vehicle reversed into the latter vehicle at or near the intersection of Walnut Street and 15th Street in Philadelphia at or around 5:10 pm, on or around January 1, 2016. Doc. No. 3 at 6 of 27. We disagree. Taking the facts pled by the Plaintiffs as true, we cannot reasonably infer from them that the Defendant driver is liable for Plaintiffs' harm, because having caused a collision while driving in reverse does not establish a driver's negligence under Pennsylvania law.

The facts pled, viewed as a whole, do not "allow[] the court to draw the reasonable inference" that the Defendant driver is "liable for the misconduct alleged." Iqbal, 556 U.S. at 663.

### IV. Conclusion

The Complaint fails to state a claim for which relief may be granted because it does not contain sufficient factual details to show the Defendant driver's liability for Plaintiffs' harm. Accordingly, Defendant's Motion to Dismiss the Complaint under Rule 12(b)(6) shall be granted. The Complaint shall be dismissed without prejudice. Plaintiffs' prayer for leave to amend their Complaint to cure the insufficiency explained herein shall be granted. An Order follows.

Case 2:16-cv-03593-JCJ   Document 6   Filed 08/05/16   Page 7 of 7